UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



TOMATO MGMT., CORP.,

        Plaintiff,

v.

ELITE FARMS INC. and AVI YUSUFOV,

        Defendants.



Civil No. 14-CV.

COMPLAINT

MATSUMOTO, J.

SCANLON, M.J.

Tomato Mgmt., Corp. (hereinafter "Plaintiff"), for its complaint against defendants, alleges:

### JURISDICTION AND VENUE

1.     Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5), (hereafter "the PACA") and 28 U.S.C. §1331.

2.     Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendants' principal place of business is in this District.

### PARTIES

3.     Plaintiff is a Texas corporation engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all times pertinent herein, Plaintiff was licensed as a dealer under the provisions of PACA.

4.     (a)     Defendant Elite Farms Inc. ("Elite"), upon information and belief, is a New York corporation, has a principal place of business in Brooklyn, New York, and was at all times pertinent herein a purchaser of wholesale quantities of produce subject to the trust provisions of PACA.

    (b)     Defendant Avi Yusufov, upon information and belief, is a resident of the State of New York, Kings County.

- 1 -

## GENERAL ALLEGATIONS

5. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. §499e(c).

6. Between April 10, 2014 and April 17, 2014, Plaintiff sold to Elite $49,165.55 worth of wholesale quantities of produce which had been moved in interstate commerce and which was accepted by said Defendant.

7. As a result of USDA inspections alleging that some of the produce was not top grade, plaintiff agreed to accept the sum of $23,249.27 in full satisfaction.

8. Elite has failed to pay for the produce when payment was due, despite repeated demands, other than the sum of $6,986.25, and presently owes Plaintiff $16,263.27.

9. At the time of receipt of the produce, Plaintiff became beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

10. Plaintiff preserved its interest in the PACA trust in the aggregate amount of $49,165.55 by sending invoices to Defendants containing the language required by 7 U.S.C. §499e(c)(4) and remains a beneficiary until full payment is made for the produce.

11. Defendants have not disputed the debt in any way.

12. Defendants' failure, inability and refusal to pay Plaintiff shows that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets.

## Count 1

### (Failure to Pay Trust Funds)

13. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 12 above as if fully set forth herein.

14. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $16,263.27 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

## Count 2

### (Failure to Pay For Goods Sold)

15. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16. Defendants failed and refused to pay Plaintiff the amount of $16,263.27 owed to Plaintiff for produce received by Defendants from Plaintiff.

## Count 3

### (Unlawful Dissipation of Trust Assets by a Corporate Official – Avi Yusufov)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. The individual Defendant is and was an officer, director, and/or shareholder of Elite during the time period in question, and he was in a position to control the PACA trust assets belonging to Plaintiff.

19. The individual Defendant failed to direct Elite to fulfill its duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

20. The individual Defendant's failure to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

21. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as beneficiary in the produce trust and has been denied payment for the produce it supplied.

<u>Count 4</u>

(Interest and Attorneys' Fees)

22. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 21 above as if fully set forth herein.

23. As a result of Defendants' failure to make full payment promptly of the aggregate amount of $16,263.27, Plaintiff has lost the use of said money.

24. As a further result of Defendants' failure to make full payment promptly of the aggregate amount of $16,263.27, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their statutory duties.

25. PACA and the invoices of Plaintiff entitle Plaintiff to recover attorneys' fees incurred to collect any balance due from Defendants.

WHEREFORE, Plaintiff requests the following relief:

1) Judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of $16,263.27, plus interest at the rate of 18% per annum from April 10, 2014 and attorneys' fees under the trust provisions of the PACA and pursuant to the agreement of the parties; and

2) An order enforcing payment from the trust by requiring immediate payment of the amount of $16,263.27, plus interest and attorneys' fees, to Plaintiff; and

3) Judgment in favor of Plaintiff, and against Defendants, for interest, costs and attorneys' fees.

Dated: New York, New York
August 7, 2014

>Respectfully submitted,
>LAW OFFICES OF BRUCE LEVINSON
>Attorneys for Plaintiff
>
>By: _____
>Bruce Levinson
>805 Third Avenue, 12th Floor
>New York, New York 10022
>(212) 750-9898